UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TIFFANY A. BECNEL**                                           **CIVIL ACTION**

**VERSUS**                                                      **NUMBER: 25-983**

**WALMART, INC.**                                               **SECTION: "P" (5)**

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Remand (rec. doc. 8) filed by Plaintiff Tiffany A. Becnel on June 12, 2025. Defendant opposes the motion (rec. doc. 9), and Plaintiff filed a reply. (Rec. doc. 10). On October 2, 2025, the District Court referred the motion to the undersigned. (Rec. doc. 11). Having reviewed the pleadings and the case law, the Court recommends as follows.

**I.    Background**

On or about July 1, 2024, Plaintiff Tiffany A. Becnel was a customer at Walmart Store #961 located at 1616 W. Airline Highway in Laplace, Louisiana, when she allegedly slipped and fell in a puddle of water near a soft drink cooler at the front of the store. (Rec. doc. 1-1). On January 9, 2024, Plaintiff filed suit in the 40th Judicial District Court for the Parish of St. John the Baptist, alleging negligence on the part of Defendant Walmart, Inc. (*Id.*). Defendant was served with the Petition on January 28, 2025. (Rec. doc. 1-2). In her Petition, Plaintiff alleges that "[a]s a result of this accident, petitioner has sustained cervical and lumbar sprain and full disability." (Rec. doc. 1-1). No other injuries were alleged.

On April 24, 2025, Defendant received Plaintiff's discovery responses which indicated that Plaintiff was diagnosed with various disc herniations and a Superior labral anterior posterior ("SLAP") lesion which would necessitate future arthroscopic surgery. (Rec. doc. 1-3). Based on these responses, on May 16, 2025, Defendant removed this case

to federal court on a positive showing that the amount in controversy exceeds $75,000.00, and the parties are completely diverse. (Rec. doc. 1). On June 12, 2025, Plaintiff filed her Motion to Remand. (Rec. doc. 8).

## II.     Law and Analysis

A defendant may remove a civil case from state court to this Court if this Court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). Defendant removed the lawsuit to this Court on the ground of diversity jurisdiction under 28 U.S.C. § 1332. The Court has original jurisdiction based on diversity of citizenship over civil cases between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). As the removing party here, Defendant "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). The Court "construe[s]" "[a]ny ambiguities . . . against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citation omitted). Here, it is undisputed that the requirements of Section 1332(a)(1) – complete diversity and over $75,000.00 in controversy – are met; the parties dispute only the timeliness of removal. In short, Plaintiff argues that Defendant failed to timely remove the lawsuit to this Court after it received service of her original Petition.

Section 1446(b) governs the timeliness of Defendants' removal. *See* 28 U.S.C. § 1446(b). The timeliness-of-removal analysis generally has two steps. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). First, the Court decides if the "case stated by" Plaintiff's "initial pleading" – here, the original Petition – was "removable." *See id.* If so, Section 1446(b)(1) controls, and Defendant had to remove this case within 30

days after receiving Plaintiff's original Petition. *See* 28 U.S.C. § 1446(b)(1). If not, the Court turns to step two and Section 1446(b)(3)'s "other paper" provision. *See Chapman*, 969 F.2d at 161. At step two, the Court decides if Defendant removed this case within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If it did, the removal is timely; if it did not, the removal is untimely and remand is required.

As for step one, the "case stated by" Plaintiff's original Petition was not "removable." *See Chapman*, 969 F.2d at 161. To trigger the 30-day removal period under Section 1446(b)(1), Plaintiff's original Petition had to "*affirmatively* reveal[ ] on its face that [Plaintiff] is seeking damages in excess of the minimum jurisdictional amount" by including "a *specific* allegation that damages are in excess of the federal jurisdictional amount." *Id.* at 163 (emphasis added). This is a "bright line rule." *Id.* And it is not met here: Plaintiff's original Petition lacks a "specific allegation" that her damages exceed the federal jurisdictional minimum. *Id.* So, the "case stated by" Plaintiff's original Petition was not "removable," and the 30-day removal clock did not start ticking under Section 1446(b)(1) upon receipt of Plaintiff's original Petition. *Id.* at 161, 163; *see also Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (reasoning that the removal clock was not triggered by the original complaint because it lacked a "specific allegation" that damages exceeded the federal jurisdictional minimum).

Plaintiff argues that federal removal was untimely and remand is proper simply because she alleged "full disability" in her Petition, and, as a result, Defendant should have been aware that the amount in controversy exceeded $75,000.00. Plaintiff's argument

3

simply ignores *Chapman*'s bright-line rule that "[s]ervice of an initial petition does not trigger the first removal period unless 'that pleading *affirmatively* reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Birdsong v. B & D Operating Co. Inc.*, No. 25-CV-661, 2025 WL 1742646, at *3 (W.D. La. June 5, 2025), *report and recommendation adopted*, No. 25-CV-661, 2025 WL 1742644 (W.D. La. June 23, 2025) (quoting *Chapman*, 969 F.2d at 163) (emphasis added). This "bright line rule" adopted by the Fifth Circuit "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.* If a plaintiff "wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, [she must] place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* Plaintiff's argument lacks merit, and this Court refuses to delve into the subjective knowledge of Defendant at the time it received Plaintiff's initial Petition. Such speculation has never been required in this Circuit.

Because the "case stated by" Plaintiff's original petition was not "removable," *Chapman*, 969 F.2d at 161, the Court turns to step two and Section 1446(b)(3)'s "other paper" principle. As for step two, Defendant has sufficiently carried its burden to show that it timely removed this case within 30 days after receiving "other paper" from which it may first have ascertained the amount in controversy was met. 28 U.S.C. § 1446(b)(3). The notice of removal posits that Plaintiff's production of medical records on April 24, 2025 is the "other paper" that allowed Defendant to first ascertain that the amount in controversy was met. (Rec. doc. 1 at 5). Those medical records revealed that an October 24, 2024 MRI of Plaintiff's cervical spine showed degenerative disc disease and C4-5, C5-6, C6-7, and T1-

4

S1 herniations. (Rec. doc. 1-3). An October 24, 2024 MRI of Plaintiff's left shoulder revealed a SLAP lesion and partial rotator cuff tear. (*Id.*). On January 14, 2025, Plaintiff was diagnosed with cervical facet syndrome and four cervical disc herniations and was recommended medial branch blocks or radiofrequency ablation. (*Id.*). On March 31, 2025, Plaintiff expressed interest in undergoing a left shoulder arthroscopy and was given an estimate for the procedure. (*Id.*). Louisiana law demonstrates that the extent of Plaintiff's injuries would put Defendant on notice that Plaintiff's damages would then well exceed $75,000.00 exclusive of interests and costs. *See, e.g., Rayburn v. Ponthieux*, 902 So. 2d 1136 (La. Ct. App. 2005) (affirming a $85,000 general damage award for an aggravation of a pre-existing rotator cuff tear); *Younce v. Pac. Gulf Marine, Inc.*, 817 So. 2d 255 (La. Ct. App. 2002) (awarding $75,000.00 in general damages for a shoulder arthroscopy performed on a rotator cuff tear).

Plaintiff served her responses to Defendant's discovery requests on April 24, 2025. (*Id.* at 7). Defendant removed this lawsuit on May 16, 2025. (Rec. doc. 1). Defendant thus timely removed this lawsuit within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Remand (rec. doc. 8) be **DENIED**.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

5

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 23rd day of October, 2025.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE